No. 2289.—ALBERT BALDWIN v. TERESA I. SEWELL.

If the consideration of a promissory note be shown to be Confederate treasury notes, it can not be recovered from the maker, even though the holder be a third person, who acquired it in good faith, for a valuable consideration, before maturity. Constitution, article 127; 21 An. 569.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *E. W. Huntington*, for plaintiff and appellee. *Fellows & Mills*, for defendant and appellant.

LUDELING, C. J. This is an action on several promissory notes. The demand is resisted on the ground, among others, that the notes were given for Confederate money loaned to the maker.

The testimony of Poole, the notary who prepared the act of mortgage given to secure the payment of the notes, proves that the lender or his agent left with him $15,000 in Confederate money to be delivered to the borrower, Sewell, when the mortgage was executed; that he deposited those Confederate treasury notes in the Canal Bank, and on the next day, after the mortgage was executed, he gave Sewell his check on the bank for the $15,000 which he had deposited.

It appears further, from the evidence in the record, that Baldwin, the plaintiff, was fully cognizant of the nature of the transaction between the lender and the borrower, and he can not now pretend to be a *bona fide* purchaser for value, before maturity. But even if he had been a *bona fide* purchaser for value, and before maturity, he could not recover in the courts of this State. Constitution, article 127; Groves v. Clark & Carnal, 21 An. 569.

It is therefore ordered that the judgment of the district court be avoided, and that there be judgment rejecting the plaintiff's demand, with costs.

Rehearing refused.